UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:

Charles Lau DDS MSD LLC

Debtors.

Case No. 23-10874
Chapter 11

## DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING USE OF CASH COLLATERAL AND (B) GRANTING ADEQUATE PROTECTION

Charles Lau DDS MSD LLC, the debtor and debtor in possession herein (the "Debtor"), by its proposed counsel, Krekeler Law, S.C., hereby submits this Motion (the "Motion") pursuant to 11 U.S.C. §§ 361 and 363(c), and Federal Rules of Bankruptcy Procedure 4001(b)(1) and 9014, for the entry of an order (i) authorizing Debtor to use cash collateral; (ii) granting adequate protection; (iii) setting a hearing on the motion to consider the entering of an interim order authorizing and approving the use of Cash Collateral pending a final hearing on the motion; and (iv) setting a final hearing on this Motion. The facts and circumstances supporting this Motion are set forth below as follows:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (D). Venue of this proceeding is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The basis for the relief requested are Sections 361 and 363(c) of the United States Bankruptcy Code (the "Bankruptcy Code"), and Rules 4001(b)(1) 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## GENERAL BACKGROUND

4. On May 25, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "Case"). Since that time, Debtor has remained in possession of its property and is operating its business as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. The Debtor is a Wisconsin limited liability corporation which was incorporated on June 20, 2018, and whose principal business offices are located at 821 S Main St, DeForest, Wisconsin, 53532. Charles Lau is the 100% owner and sole member of the Debtor, and acts as the managing member of the Debtor.

6. The Debtor's business operations consist of a dental practice doing business as Wisconsin Dental Wellness, which is the primary source of its income.

## PRE-PETITION SECURED DEBT

7. Wells Fargo Practice Finance ("Wells Fargo") is the holder of a Master Loan and Security Agreement dated October 2, 2018 (the "Loan Documents"). The balance due on the Loan Documents is approximately $428,000 as of the Petition Date. The loans made by Wells Fargo to the Debtors are secured by all assets of the Debtor.

8. As security for the Debtor's obligations to Wells Fargo, the Debtor pledged all of its accounts, chattel paper, other rights to payment, inventory, equipment, general intangibles and contract rights, together with all substitutions and replacements (the "Collateral"). Wells Fargo properly perfected its lien on the Collateral.

9. Since its incorporation, the Debtor's business has been mostly profitable or at least able to meet its expenses. However, Debtor has experiencing a cash flow problem due to increasing

costs while the amounts paid for services by insurance companies have stagnated. The payments from insurance companies account for the majority of the income the Debtor receives.

10. As of the Petition Date, the value of the Collateral, which Wells Fargo asserts a properly perfected, first-position security interest in, is as follows below, for a total value of $69,929.09 taking into account specific pledges to other secured creditors and PMSI balances on certain equipment:

- Depository Accounts/Cash on Hand: $21,231.09
- Accounts Receivable: $34,613.00
- Inventory: $500.00
- Furniture and Office equipment: $200.00
- Dental Equipment: $13,385.00

11. The creditor is undersecured and is not entitled to adequate protection in the form of periodic cash payments but, under *United Sav. v. Timbers of Inwood Forest*, 484 U.S. 365 (1988), is entitled to compel the debtor to file a Plan within a reasonable period of time.

12. In order to operate its business during this reorganization and meet its ordinary business expenses, the Debtor must have immediate access to and the use of its Cash Collateral.

13. Attached to this Motion is a proposed budget for the Debtor's use of Cash Collateral through and including August 31, 2023. The line items in the budget include the Debtor's normal, ordinary cost of business expenses, including employee wages and related withholdings. A copy of the Budget is attached hereto as **Exhibit A**.

14. If the Debtor is not permitted to use cash collateral, Debtor will be seriously harmed and may need to close down its operations. Moreover, the going concern value of this enterprise will be lost to the detriment of the Debtor's creditors and its estate.

15. This Motion is intended to provide the Debtor with access to cash collateral on an interim basis and to allow the Debtor and Wells Fargo to negotiate a final order without jeopardizing the Debtor's ongoing operations.

16. The Debtor believes that it should be allowed the use of cash collateral because Wells Fargo's interest in the cash collateral will be adequately protected as the Debtor shall provide Wells Fargo with a replacement lien on post-petition generated cash collateral (accounts receivable and inventory), to the extent that the Debtor's pre-petition accounts receivable are utilized in the business on a post-petition basis. The replacement lien shall only attach to the Debtor's postpetition receivables to the extent that pre-petition receivables and inventory are utilized on a postpetition basis. Additionally, the Debtor shall keep all of Wells Fargo's collateral insured and well maintained. Further, the debtor has a commitment and has moved the Court for an Order to authorize it to borrow working capital which will allow it to move forward profitably, on a net operating income basis, and develop a cushion of cash as well as propose a Plan of Reorganization.

17. "There is an inherent tension between a debtor's need to use its cash to continue operating and a secured creditor's right to preserve its security interest in the debtor's cash proceeds." *In re ProAlert LLC*, 314 B.R. 436, 441 (BAP 9th Cir. 2004). The requirement of adequate protection in § 363 balances those divergent interests "by allowing the debtor to use cash collateral while ensuring that the creditor will ultimately receive the full value of the collateral." *Id.*

18. Under Section 362(c)(2)(B), the court has the power to authorize the use of cash collateral when "the court, after notice and a hearing, authorizes such use…in accordance with the provisions of [section 363]." See 11 U.S.C. § 363(c)(2)(B). In particular, Section 363(e) specifies

that the Court shall condition the use of secured property "as is necessary to provide adequate protection of such interest." See 11 U.S.C. § 363(e).

19. Under Section 361, adequate protection may be provided by replacement liens, or relief constituting the "indubitable equivalent" of the creditor's interest. See 11 U.S.C. § 361. Courts have also recognized that when the value of the collateral available to the secured lender exceeds the amount of the secured claim, the excess value of "equity cushion," without more, will adequately protect the secured lender's interest. *See, e.g., In re Shaw Industries, Inc.*, 300 B.R. 861, 865 (Bankr. W.D. Pa 2003). The adequate protection of an equity cushion alone can constitute adequate protection.") The adequate protection offered need only "encompass the decline in the value of the collateral only, rather than perpetuating the ratio of the collateral to the debt." *See In re Delta Resources, Inc.*, 54 F.3d 722, 729-730 (11th Cir. 1995).

20. The relief requested will permit the Debtor to operate while adequately protecting Wells Fargo. Therefore, this motion seeks authority to use cash collateral in this matter though and including August 31, 2023.

**WHEREFORE**, the Debtors requests that this Court enter an order: (**i**) authorizing Debtor to use the cash collateral; (**ii**) finding that Wells Fargo is adequately protected; (**iii**) setting a hearing on the motion to consider the entering of an interim order authorizing and approving the use of Cash Collateral pending a final hearing on the Motion; and (**iv**) setting a final hearing on the Debtor's use of cash collateral during this case.

Dated this 26th day of May, 2023.

**Krekeler Law, S.C.**

By: ___*/s/ John P. Driscoll*___
        John P. Driscoll, SBN 1091318
        *Proposed Attorneys for the*
        *Debtor in Possession,*
        Charles Lau DDS MSD, LLC

## CHARLES LAU DDS MSD LLC
## Cash Flow Projections
### June 2023 - August 2023

| | Jun-23 | Jul-23 | Aug-23 | Total |
|---|---|---|---|---|
| Income | | | | |
| Gross Production | | | | 0.00 |
| Collections | 36,357.66 | 36,137.79 | 38,543.65 | 111,039.10 |
| **Total Gross Production** | $ 36,357.66 | $ 36,137.79 | $ 38,543.65 | 111,039.10 |
| Sales of Product Income | | | | 0.00 |
| Total Income | $ 36,357.66 | $ 36,137.79 | $ 38,543.65 | 111,039.10 |
| Cost of Goods Sold | | | | 0.00 |
| Dental Supplies | 2,441.85 | 911.48 | 1,781.90 | 5,135.23 |
| Dental Supplies DDS | 36.09 | | 464.87 | 500.96 |
| Dental Supplies HYG | | | | 0.00 |
| Laboratory | 6,767.00 | 4,392.50 | 4,481.50 | 15,641.00 |
| **Total Dental Supplies** | $ 9,244.94 | $ 5,303.98 | $ 6,728.27 | 21,277.19 |
| Hygiene Expense | | | | 0.00 |
| Wages and Benefits | | | | 0.00 |
| Benefits | 200.00 | | 292.80 | 492.80 |
| Staff Payroll Taxes | 856.81 | 856.81 | 856.81 | 2,570.43 |
| Wages | 11,403.00 | 11,403.00 | 11,403.00 | 34,209.00 |
| **Total Wages and Benefits** | $ 12,459.81 | $ 12,259.81 | $ 12,552.61 | 37,272.23 |
| **Total Cost of Goods Sold** | $ 21,704.75 | $ 17,563.79 | $ 19,280.88 | 58,549.42 |
| Gross Profit | $ 14,652.91 | $ 18,574.00 | $ 19,262.77 | 52,489.68 |
| Expenses | | | | 0.00 |
| Advertising and Marketing | | | | 0.00 |
| Advertising Expense | 249.34 | 499.20 | 1,531.64 | 2,280.18 |
| Marketing Expense | 4,150.00 | 4,150.00 | 1,966.12 | 10,266.12 |
| Website Expense | | | | 0.00 |
| **Total Advertising and Marketing** | $ 4,399.34 | $ 4,649.20 | $ 3,497.76 | 12,546.30 |
| General and Administrative Exp | | | | 0.00 |
| Administrative Payroll Taxes | 196.78 | 170.94 | 398.33 | 766.05 |
| Administrative Wages | 2,572.20 | 2,234.40 | 3,481.32 | 8,287.92 |
| Bank Charges | 0.63 | | | 0.63 |
| Billing Services | 2,807.69 | 2,807.69 | 2,200.00 | 7,815.38 |
| CareCredit Settlement | | | | 0.00 |
| Computer Software Expense | 612.10 | 448.10 | 958.30 | 2,018.50 |
| Continuing Education | 28.98 | 19.99 | 1,019.99 | 1,068.96 |
| credit card fees | | 10.10 | 380.84 | 390.94 |
| Electronic Claim Submission | 96.09 | 75.45 | 119.79 | 291.33 |
| Equipment repair | | 255.10 | | 255.10 |
| Licenses Dues and Subscriptions | 444.00 | 444.00 | 199.00 | 1,087.00 |
| Malpractice Insurance | | | | 0.00 |
| Meals and Entertainment | 121.39 | 79.66 | 29.83 | 230.88 |
| Meals and Entertainment-100% | 12.65 | | | 12.65 |
| Misc Staff Expenses | | | | 0.00 |
| Office Supplies | 153.47 | 384.23 | 707.59 | 1,245.29 |
| Postage | | | 7.04 | 7.04 |
| Telephone | 689.66 | 662.54 | 634.16 | 1,986.36 |
| Travel and Meetings | | | | 0.00 |
| **Total General and Administrative Exp** | $ 7,735.64 | $ 7,592.20 | $ 10,136.19 | 25,464.03 |
| | | | | |
| Occupancy Expenses | | | | 0.00 |
| Personal Property Tax | | | 1,058.55 | 1,058.55 |
| Rent | 3,286.20 | 3,286.20 | 3,286.20 | 9,858.60 |
| Repairs and Maintenance | 385.84 | 385.84 | 658.28 | 1,429.96 |
| Utilities | 132.25 | 651.29 | 473.10 | 1,256.64 |
| **Total Occupancy Expenses** | $ 3,804.29 | $ 4,323.33 | $ 5,476.13 | 13,603.75 |
| Professional Fees | | | | 0.00 |
| Accounting Fees | | | | 0.00 |
| Consulting | | | | 0.00 |
| IT Support | | | | 0.00 |
| Legal Fees | | | | 0.00 |
| **Total Professional Fees** | $ 0.00 | $ 0.00 | $ 0.00 | 0.00 |
| Total Expenses | $ 15,939.27 | $ 16,564.73 | $ 19,110.08 | 51,614.08 |
| Net Operating Income | -$ 1,286.36 | $ 2,009.27 | $ 152.69 | 875.60 |
| Other Income | | | | 0.00 |
| Interest Income | | | | 0.00 |
| Total Other Income | $ 0.00 | $ 0.00 | $ 0.00 | 0.00 |
| Net Other Income | $ 0.00 | $ 0.00 | $ 0.00 | 0.00 |
| | | | | 0.00 |
| Interest Expense | $ 0.00 | $ 0.00 | $ 0.00 | 0.00 |
| Principal Payments | $ 0.00 | $ 0.00 | $ 0.00 | 0.00 |
| Total Secured Debt | $ 0.00 | $ 0.00 | $ 0.00 | 0.00 |
| Net Income | -$ 1,286.36 | $ 2,009.27 | $ 152.69 | 875.60 |

# EXHIBIT A